# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN JONES, : | |
| Petitioner, : | CIVIL ACTION |
| v. : | |
| : | NO. 11-3281 |
| JON D. FISHER, *et al.*, : | |
| Respondents. : | |

## MEMORANDUM OPINION

RUFE, J.                                                                                                                APRIL 15, 2013

Before the Court are Petitioner Stephen Jones's Objections to the Report and Recommendation filed by United States Magistrate Judge Lynne A Sitarski ("R&R"). Petitioner objects to the Magistrate Judge's legal conclusion as to each claim presented in the Petition. As a result his objections exactly mirror his claims.

## I. BACKGROUND

On October 10, 2002, at approximately 11:00 p.m., Marcus Miller, David Lee, and Eric Lewis were standing outside the New China Kitchen Restaurant on 17th Street in North Philadelphia, when a group of several young men walked by and entered the restaurant. As the group was walking past the three men, Lee and Miller made comments. Shortly after having entered the restaurant, the group of young men exited, surrounded Miller, Lee, and Lewis, and opened fire. Lewis and Miller were wounded. Lee was killed. Lewis and Miller identified Petitioner as one of the shooters.

On March 16, 2005, following a jury trial presided over by the Honorable M. Teresa Sarmina of the Court of Common Pleas of Philadelphia County, Petitioner was convicted of third degree murder, criminal conspiracy, and two counts of aggravated assault.[1] On April 29, 2005, Petitioner was sentenced to an aggregate term of thirty-five to seventy years of incarceration.

---
[1] Commonwealth v. Jones, No. CP-51-CR-0305501-2003 (Pa. Ct. Com. Pl. Nov. 25 2008).

## II. LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[2] applies to an application for a writ of habeas corpus on behalf of a person "in custody in violation of the Constitution or laws or treaties of the United States" pursuant to a state court judgment.[3] Where a habeas petition, such as the one in this case, is referred to a magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1), a district court judge conducts a *de novo* review "of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[4]

A federal court may not grant habeas relief of the claims were "adjudicated on the merits in State court" unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[5]

## III. DISCUSSION

As stated, Petitioner objects to the entirety of the R&R's legal findings and to the conclusion that the Petition should be denied without any more analysis than his Petition. The Court agrees with the thorough and well-reasoned analysis as stated in the R&R and therefore, approves and adopts the R&R in its entirety. The Court states briefly herein the substantive basis for denial of Petitioner's claims.

---

[2] 28 U.S.C. § 2254.

[3] 28 U.S.C. § 2254(a).

[4] 28 U.S.C. § 636(b)(1)(C).

[5] 28 U.S.C. § 2254(d).

### A. Claims Regarding Sentencing

Petitioner asserts two types of claims regarding sentencing. First, Petitioner argues that the trial court abused its discretion by sentencing him to the maximum sentence on all charges. He asserts that trial counsel was ineffective for failing to preserve this issue and that appellate counsel were ineffective for failing to properly raise the issue on direct appeal [Claim 1/Objection1]. Second, he submits that the trial judge erred in applying the Deadly Weapons Enhancement ("DWE") during sentencing [Claim 2/Objection 2]. He argues that trial counsel was ineffective for failing to properly preserve an objection to the application of this enhancement [Claim 3(a)/Objection 3(a)].

#### 1. Claim One/Objection One

The severity of a sentence alone does not warrant habeas relief unless the sentence exceeds statutory limits or is wholly unauthorized by federal law.[6] The "statutory maximum . . . is the maximum sentence that Judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."[7] Judges have broad authority to exercise discretion in imposing a sentence within a statutory range.[8] Moreover, where a state court trial judges exercises this discretion and imposes a sentence within the statutory range, it is beyond the scope of habeas review to second-guess this decision.[9]

---

[6] See, e.g., Fisher v. Wynder, No. 06-4183, 2007 WL 2108483, at *8 (July 19, 2007); see also Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 43 (3d Cir. 1984) (finding that sentencing errors of state law are not cognizable for federal habeas relief); Yick Wo v. Hopkins, 118 U.S. 364 (1886) (providing an example of an illegal sentence because the disparity was based on membership in a protected class); Staton v. Smeal, No. 09-5539, 2011 WL 4482514, at *11 (citing Townsend v. Burke, 334 U.S. 736, 741 (1948)).

[7] Blakely v. Washington, 542 U.S. 296, 303 (2004) (emphasis omitted).

[8] See, e.g., United States v. Metz, 470 U.S. 1140, 1141 (3d Cir. 1972).

[9] Rivera v. Goode, 540 F. Supp. 2d 582, 601 (E.D. Pa. 2008).

Petitioner asserts that the trial court abused its discretion by sentencing him to the maximum sentence which applied to his convictions under the sentencing guidelines. However, because his sentences do not exceed the maximum permitted by statute,[10] and are consistent with the jury's findings, this challenge to the discretionary aspect of the trial judge's decision does not provide a basis for habeas relief. As the claim is without merit, counsel was not ineffective for failing to preserve this issue.[11]

### 2. Claims Regarding Application of the Deadly Weapons Enhancement
[Claim 2/Objection 2 and Claim 3(a)/Objection 3(a)]

Title 28 U.S.C., Section 2254(a) provides that a federal court may only entertain a petition for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court if the custody "is in violation of the laws or treaties of the United States."[12] Section 2254(d) further restricts a federal court's review by confining review to the reasonableness of a state court decision in light of clearly established federal law as articulated by the United States Supreme Court.[13] Claims asserting a violation of state law, or challenging a state court's interpretation of state law, are not cognizable on federal habeas review.[14]

---

[10] Petitioner was sentenced to twenty to forty years for murder in the third degree; five to ten years for each aggravated assault conviction; and five to ten years for criminal conspiracy. The statutory maximum for third degree murder is forty years. 18 Pa. Cons. Stat. § 1102(d). The statutory maximum for aggravated assault and criminal conspiracy is twenty years. Pa. Cons. Stat. § 1103(1) (statutory maximum for first degree felonies). Petitioner's aggravated assault and conspiracy charges were classified as first degree charges. 4/29/2005 Trial Tr. at 16-17.

[11] Singletary v. Blaine, 89 F. App'x 790, 794 (3d Cir. 2004) (citing Moore v. Deputy Comm'r of SCI-Huntingdon, 946 F.2d 236, 245 (3d Cir. 1991)).

[12] 28 U.S.C. § 2254(a).

[13] 28 U.S.C. § 2254(d).

[14] Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Keller, 251 F.3d at 416 n.2; Johnson v. Rosemeyer, 117 F.3d 104, 109 (3d Cir. 1997).

Proper application of the DWE is a purely a matter of Pennsylvania state law and the DWE is part of Pennsylvania's sentencing guidelines, which are "purely advisory in nature."[15] Thus, the application of the enhancement does not provide a basis for habeas relief in this case regardless of whether the claim is asserted in the form of a challenge to the trial judge's application of the enhancement or an ineffective assistance of counsel claim.[16] Further, as the trial judge wrote in the September 8, 2005 Opinion, which followed the denial of Petitioner's post-trial motions, trial counsel "**did** raise the issue before [the sentencing court] in the first instance," when on May 3, 2005, he filed post-sentence motions with the court, seeking reconsideration of the application of the DWE.[17] Thus, counsel's failure to raise the issue cannot provide a basis for habeas relief.

### B. Claim Regarding Cross Examination [Claim 3(b)/Objection3(b)]

Petitioner asserts that trial counsel was ineffective for failing to adequately and effectively impeach two witnesses on cross examination using their prior inconsistent statements. This claim is unexhausted and procedurally defaulted.

"A district court ordinarily cannot grant a petition for a writ of habeas corpus arising from a petitioner's custody under a state court judgment unless the petitioner first has exhausted his available remedies in state court."[18] Exhaustion "requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."[19] A state prisoner "fairly presents" his

---

[15] Pennsylvania v. Yuhasz, 923 A.2d 1111, 1118 (Pa. 2007).

[16] Thomas v. Horn, 570 F.3d 105, 121 n.7 (3d Cir, 2009).

[17] See September 8, 2005 Opinion at 11, Commonwealth v. Jones, No. 03-0550 1/2 (Pa. Ct. Com. Pl.).

[18] Houck v. Stickman, 625 F.3d 88, 93 (3d Cir. 2010) (citing 28 U.S.C. § 2254(b)).

5

claims by invoking "one complete round of the State's established appellate review process."[20] In Pennsylvania, exhaustion entails presenting one's claims to the Superior Court on direct appeal or collateral review.[21]  For a claim to be exhausted, "'[b]oth the legal theory and facts underpinning the federal claim must have been presented to the state courts, and the same method of legal analysis must be available to the state court as will be employed in the federal court.'"[22]

Here, Petitioner failed to present his 3(b) claim through one complete round of state established appellate procedure.  While Petitioner asserted this claim in his amended PCRA petition, he abandoned this claim on appeal to the Superior Court.  This claim is therefore unexhausted.  However, failure to exhaust may be excused if it would be futile for Petitioner to seek relief in state court.  Because here the statute of limitations for filing a PCRA petition has expired, exhaustion would be futile and Petitioner's failure to exhaust is excused.[23]

---

[19] Duncan v. Henry, 513 U.S. 364, 365 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)) (internal quotation marks omitted).

[20] O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

[21] See Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004) (citing In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000) ("Order No. 218")).

[22] Tome v. Stickman, 167 F. App'x 320, 322-23 (3d Cir. 2006) (quoting Evans v. Court of Common Pleas, De. Cnty., Pa., 959 F.2d 1227, 1231 (3d Cir. 1992)).

[23] As Judge Sitarski wrote in the R&R:

> Pursuant to the PCRA, collateral actions must be filed within one year of the date the conviction at issue becomes final. 42 Pa. Cons. Stat. § 9545(b)(1). A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania and the Supreme Court of the United States, or at the expiration of time for seeking such review. 42 Pa. Cons. Stat. § 9545(b)(3). The PCRA statute of limitations is not tolled while a PCRA petition is pending. See 42 Pa. Cons. Stat. § 9545(b)(1) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final."). Here, Petitioner's judgment became final when direct review concluded on April 4, 2007, ninety days after the Supreme Court of Pennsylvania denied allocatur. See Whitney v. Horn, 280 F.3d 240, 252 n.13 (3d Cir. 2002). Accordingly, Petitioner had until April 4, 2008 to file any subsequent PCRA petition, which he failed to do.

Nevertheless, procedural default prevents consideration of the claim because Pennsylvania procedural rules bar him from seeking further relief in state court. Where a petitioner has defaulted on a claim, a federal court may not consider his claim unless he can show cause for the default and actual prejudice resulting therefrom.[24] "To demonstrate cause for procedural default, the petitioner must show that 'some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule.'"[25] To show prejudice, a petitioner must show "not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."[26] A petitioner must satisfy both prongs for procedural default to be excused.

Here, Petitioner has failed to demonstrate cause for his default. He has also failed to demonstrate that failure to consider his claim will result in a fundamental miscarriage of justice.[27] In fact, he has not asserted any argument to support a finding of cause and prejudice. Accordingly, there is no cause to excuse default and Claim 3(b)/Objection 3(b) is barred.

### C. Claim Regarding Weight and Sufficiency of the Evidence [Claim 3(c)/Objection 3(c)]

To the extent Petitioner asserts that counsel was ineffective for failing to preserve an objection regarding the sufficiency of the evidence, this claim is unexhausted and procedurally defaulted for the same reasons stated above with respect to Claim 3(b). Although Petitioner

---

[24] Coleman v. Thompson, 501 U.S. 722, 750 (1991).

[25] Fogg v. Phelps, 414 F. App'x 420, 429-30 (3d Cir. 2011) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

[26] Murray, 477 U.S. at 494 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)) (internal quotation omitted).

[27] Coleman , 501 U.S. at 748.

raised this claim in his initial *pro se* PCRA petition, he abandoned it in his amended petition and failed to raise the issue on appeal to the Superior Court. To the extent Petitioner asserts that counsel was ineffective for failing to preserve an objection regarding the weight of the evidence, this claim has been exhausted and is before the Court on its merits.

It is well established that ineffective assistance of counsel claims are evaluated pursuant to the two-pronged test established in Strickland v. Washington.[28] Under Strickland, counsel is presumed to have acted reasonably and to have been effective unless a petitioner can demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced petitioner.[29] The first prong requires a showing "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."[30] The second prong requires a showing "that counsel's errors were so serious as to deprive the defendant of a fair trial."[31] "An attorney cannot be ineffective for failing to raise a claim that lacks merit," because in such cases, the attorney's performance is not deficient, and would not have affected the outcome of the proceeding.[32]

Here, any argument regarding the weight of the evidence lacks merit and therefore, trial counsel's failure to raise an objection regarding the weight of the evidence cannot be deemed ineffective. For this Court to evaluate the weight of the evidence presented at trial, the Court

---

[28] 466 U.S. 668 (1984).

[29] Id. at 687.

[30] Id.

[31] Id.

[32] Singletary v. Blaine, 89 F. App'x 790, 794 (3d Cir. 2004) (citing Moore v. Deputy Comm'r of SCI-Huntingdon, 946 F.2d 236, 245 (3d Cir. 1991)).

8

would be required to evaluate the credibility of the witnesses presented at trial.[33] Since the Court is bound by the factual findings of the state courts, and because both the PCRA Court and the Superior Court considered whether the weight of the evidence supported the jury verdict, the Court cannot conclude that the verdict was against the weight of the evidence, and counsel's failure to raise this issue cannot be deemed ineffective. Accordingly, Petitioner's claim will be denied.

## IV. CONCLUSION

For the foregoing reasons, the Court will overrule Petitioner's Objections, approve and adopt the Report and Recommendation, and deny the Petition without an evidentiary hearing.[34] Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not be issued.[35]

An appropriate Order follows.

---

[33] Tibbs v. Florida, 457 U.S. 31, 37-38 (1982).

[34] See generally 28 U.S.C. §2254(e).

[35] See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). Pursuant to Local Appellate Rule 22.2, at the time of a final order denying a habeas petition, a district judge is required to determine whether a certificate of appealability ("COA") should issue. A COA should not be issued unless "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Id. at 484 (internal quotation marks omitted).